Chief Justice Robertson
delivered the Opinion of the Court.
This Court having, upon a writ of error prosecuted by Garrison, reversed a judgment which Singleton had obtained against him, and having, also, remanded the case to the Circuit Court, for a new trial, in consequence of a misinstruction given by the Judge to the jury—the Circuit Court, on entering the mandate, gave judgment against Garrison for the costs of the former trial. And this writ of error is prosecuted to reverse that judgment.
As the new trial was ordered on account of an error by the Circuit Judge, and especially as it was peremptorily directed by this Court, without any condition or qualification—the judgment for costs now complained of, was not only unreasonable, but was inconsistent with the opinion and mandate of this Court.
The only question for consideration, therefore, is *161 whether a writ of error can be maintained for reversing such a judgment, rendered upon the final disposition, by the Circuit Court, of the cause in which it was given.
A judg’t rendered upon granting a new trial, for the costs of a former trial, may be enforced by execution, without the intervention of the Court, and is a final judg t. The statute is, that a writ of error may be prosecuted to reverse any final judgment, order, or decree: intermediate judgments, in the progress of a suit (as for costs, upon granting a new trial,) are not excepted in the statute : writs of error , therefore, lie upon such judg’ts; and the time by which a writ of error on such a judg’t is barred, runs from the time of its rendition.
Suggestions that where, in the progress of a cause, a party becomes liable for incidental costs, the fact might be noted in the orders, and the final judgment for those costs suspended till the termination of the suit: or that an interlocutory monition or rule might be entered, which may be at any time enforced by attachment, or suspended Or revoked, at discretion, as long as the parties remain before the court.
Inconvenience, multiplicity, vexation, and novelty, are obvious considerations in opposition to the writ; and they are certainly cogent and imposing. But, on the other hand, there is a single consideration which, in the absence of any positive law or adjudged case to the contrary, must, as we are inclined to think, prevail in favor of the right to maintain a writ of error upon such an intermediate judgment for costs; and that is, it is final, and may be enforced, like other final and unconditional orders and judgments, by execution, without any special leave of the Court. And a statute of this State provides, that a writ of error may be prosecuted to reverse any final judgment, order, or decree; and such a judgment, as that we are now considering, is not within any legislative exception from that comprehensive provision.
Then the question is—cannot such a judgment, if erroneous, be reversed? It certainly should be; and if so, the complaining party should, as in all other cases, be allowed to seek a reversal before the judgment shall have been enforced, and before lapse of time would bar a writ of error.
This may be inconvenient, and, in some respects, incongruous. But these considerations should be addressed to the law-making, and not to the law-expounding, department of the government. Such a judgment is not only final, but is separate, distinct,and independent; and, in the case of Robinson vs. Scott (3 Littell's Rep.) our predecessors in this Court suggested that it might be reversed by a writ of error.
To avoid vexation, inconvenience, and injustice, where, in the progress of a case in an inferior court, it is proper to charge incidental costs to either party, it would be better and more regular and judicial, either to make a suggestion on the order-book to that effect, to await the final disposition of the suit; or to enter an interlocutory *162 monition or rule, which might, in the discretion of the Court, be enforced by attachment; or, being in the power of the Court, as long as the parties continue before it, might be suspended or revoked at will.
But as long as the statute law shall remain as it now is, we cannot feel that it is within the province of our judicial authority to decide that a writ of error shall not be maintained on a final order or judgment for costs, whilst the suit is pending in which it was entered. If such a judgment or order be erroneous, the error should not be irremediable—as it frequently, and perhaps always would be, if, although an execution may be issued without an order of Court, to enforce it, this Court, should decide that it is not so far final as to authorize a writ of error to reverse it; and more especially, when, as in this case, the judgment for costs is in violation of the mandate of this Court.
Wherefore, it is considered that the judgment for costs, for reversing which this writ of error is prosecuted, be set aside, and held for naught.